HUTTI v. FILLION.

**Affidavit as Evidence.**

Where an affidavit is not excepted to the court must regard it as evidence.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 19, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

There appears upon the face of the master's report a credit to appellee for $450.60 paid to George Young and *"Receipt No. 14"* is referred to by the master as the voucher upon which the credit is allowed. Upon an examination of that " Receipt No. 14 " it is found to be the receipt of one *Long,* his Christian name so badly written as not to be legible, for $352.35 due him personally and $98.25 due his son, John Long, which two sums correspond in amount precisely with the credit given to appellee as having been paid to George Young.

From the affidavit of George Schuler it appears that he was one of the arbitrators who made an award between these parties, and when that award was made, the parties held a note on Adam *Demhold* perhaps (for that name is so badly written as to be illegible), payable to them as a firm for $466.73, and that it was then agreed by said Hutti & Fillion, that the latter should take said note and pay off and satisfy the debts which the firm owed to George Long and his son, John Long.

Besides appellee on the 18th of January, 1865, made an affidavit in the case in which he states that for one-half of a debt on Adam *"Darmschott"* if it is correctly copied (for it is too badly copied in the record to inspire any confidence that it is correctly written here) amounting to some $400 he will account to plaintiff Hutti; but that he is entitled to a credit for between $100 and $105 with interest paid by him to Hagan for stone delivered.

The affidavit of Schuler was not excepted to and we must regard it, therefore, as evidence, and notwithstanding that evidence, corroborated as it is by appellee's own affidavit, he was credited by the full amount paid to Young, which should have been Long, and is not charged with the amount of the note on *Demhold,* if that be the name, or any part thereof. Exceptions were filed to

his report by appellant but they were overruled by the court, and the amount reported by the master as due to appellee was decreed to him, which was palpably erroneous.

If the debt paid to Young (Long & Son it should be) was credited to appellee, he should have been charged with the same amount for the note on Adam Demhold. And if appellee holds a debt on appellant for money paid to Hagan, he should have proved it.

The only error which we perceive is the failure to charge appellee with the debt on *Demhold,* as he was credited with the payment to Young, or Longs. Deducting from the $1,642.16 the amount of appellee's credits, the above $450.60 will leave $1,191.56, the one-half of which is $595.78, and for that sum a judgment should have been rendered in favor of Fillion against Hutti with interest from the 7th of April, 1865, till paid, that being the date of the master's report, less Hutti's costs.

For the error named, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

Record condemned.